# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **EDDIE JAMES KING,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Dr. Lawson,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:17-cv-00303-TES-CHW** |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 70] on Defendant Lawson's Motion for Summary Judgment [Doc. 64] of Plaintiff's 42 U.S.C. § 1983 action against her for violating his Eighth Amendment rights. Plaintiff alleges that Lawson's deliberate indifference to his serious medical need caused Plaintiff to become blind in his right eye after Lawson delayed referring Plaintiff to a specialist for his eye care. [Doc. 1, p. 7].

## BACKGROUND

Plaintiff saw Lawson four times for vision concerns between June 29, 2016, and August 15, 2016, before being seen by a specialist. [Doc. 64-3, Lawson Decl., ¶¶ 10—14]. Plaintiff states that, from his first visit, his "eye was red and watery" and that he complained continuously of eye pain. [Doc. 66, pp. 2—3]. On his June 29, 2016, visit,

Lawson states Plaintiff complained about something covering his eye, and Lawson submitted a referral to see an optometrist. [Doc. 64-3, Lawson Decl., ¶ 10]. On July 13, 2016, Lawson stated Plaintiff returned complaining of blurry vision, and Lawson noted again that Plaintiff needed to be seen by an optometrist. [*Id.*, ¶ 11]. On August 3, 2016, Lawson stated Plaintiff again returned for eye problems, and Lawson submitted an urgent consult request for Plaintiff to see an ophthalmologist. [*Id.*, ¶¶12—13]. Lawson saw Plaintiff a final time on August 15, 2016, before he was transported to be seen by an ophthalmologist on August 18, 2016. [*Id.*, ¶ 14].

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmovant and a fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering this motion, "the evidence of the [nonmovant] is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* at 255. However, the Court need not draw "all possible inferences" in favor of the nonmovant. *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 796 (11th Cir. 2011).

The movant "bears the initial burden of informing the district court of the basis

for its motion[] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant "to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Jones*, 683 F.3d at 1292 (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2012)).

**B.     Analysis**

"To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *McDaniels v. Lee*, 405 F. App'x 456, 458 (11th Cir. 2010) (citing M*ann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)). In his R&R, the magistrate judge found that despite Plaintiff's vision loss being a serious medical need, "he has not met his burden of showing that Defendant Lawson acted deliberately indifferent to that need or that the delay in referring him to specialist caused blindness in his right eye." [Doc. 70, p. 9].

After reviewing the magistrate judge's R&R, Plaintiff timely filed his objection pursuant to 28 U.S.C. § 636(b)(1) arguing that Lawson knew Plaintiff needed to "seek

3

medical attention immediately" and yet ignored Plaintiff's medical need. [Doc. 74, ¶ 3]. As such, this Court conducted a de novo review of the R&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff's deliberate indifference claim fails, however, because "[a]n inmate who complains that [a] delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *McDaniels v. Lee*, 405 F. App'x at 458-59. Plaintiff has failed to produce any medical evidence that shows that the delay in referral caused the vision loss in his right eye. Accordingly, Plaintiff's claim lacks support in the evidentiary record.

Even setting aside this critical deficiency, Plaintiff fails to provide evidence that Lawson acted with deliberate indifference to his serious medical need. Plaintiff states Lawson acted with deliberate indifference because she committed "malpractice" when she initially referred Plaintiff to an optometrist for vision loss instead of an ophthalmologist [Doc. 69, ¶ 2];[Doc. 74, ¶ 3], and because Lawson disregarded Plaintiff's symptoms and eye pain. [*Id*, ¶ 2]. However, "[d]eliberate indifference must be more than an inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice." *Sifford v. Ford*, 701 F.App'x 794, 795 (11th Cir. 2017) (citing *Estelle*, 429 U.S. at 105–06). Accordingly, simple negligence in treatment and diagnosis are not the makings of a deliberate indifference claim. In order to establish Lawson was deliberately indifferent to Plaintiff's need, Plaintiff must show:

4

"(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Lee*, 405 F. App'x at 458 (citing *Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)).

"Subjective knowledge" requires that the official "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also draw the inference." *Collins v. Bates*, No. 17-14559-G, 2018 WL 5090845, at *5 (11th Cir. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'[A]n official's failure to alleviate a significant risk that he should have perceived but did not' is insufficient to establish a constitutional violation." *Collins*, 2018 WL 5090845, at *5 (citing *Farmer*, 511 U.S. at 837).

Plaintiff states Lawson knew of her eye injury because Plaintiff told her of his eye pain, and Lawson observed his eye's redness and wateriness. [Doc. 66, p. 2]. Because of these symptoms and communications, Plaintiff alleges that Lawson should have done more to expedite Plaintiff's consult with a specialist. [*Id.*, p. 3]. Assuming these facts are true, and the delay was unreasonable, Lawson may have been negligent in her diagnosis and care of Plaintiff. However, mere negligence in diagnosing a patient does not give rise to a deliberate indifference claim. *Ford*, 701 F.App'x at 795 (citing *Estelle*, 429 U.S. at 105–06). Even if Lawson knew of the risk of infection, the evidentiary record does not show she acted more than negligently in disregarding that risk. Lawson recommended that Plaintiff see a specialist three times, with the last recommendation to

5

see an ophthalmologist labeled urgent. Presumably, Lawson could have marked Plaintiff's eye issue as "urgent" sooner than she did; thus, expediting the consultation. However, Plaintiff has not presented evidence that Lawson's determination not to mark "urgent"—and alleged inadvertence in selecting the wrong type of specialist—was more than gross negligence. Further, Plaintiff's allegation that Lawson's actions were intentional are conclusory and not supported by the evidentiary record. Therefore, Plaintiff has failed to identify evidence in the record to support his Eighth Amendment claim.

## **CONCLUSION**

For the reasons discussed above, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 70]. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. 64].

**SO ORDERED**, this 13th day of March, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**