IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EDDIE JAMES KING,**  *Plaintiff*,  v.  **Dr. Lawson**, *et al.*,  *Defendants*. | **CIVIL ACTION NO.  5:17-cv-00303-TES-CHW** |

**ORDER**

Before the Court is King's Motion to Appeal [Doc. 96]. King earlier filed a similar Motion to Appeal [Doc. 81]. The Court denied it because the case was ongoing and King did not meet the requirements for an interlocutory appeal. [Doc. 82]. Now that King has settled with the only remaining defendant [Doc. 95], he may now appeal the Court's earlier grant of summary judgment to Defendant Lawson [Doc. 76]. Since King is free to file a Notice of Appeal with the Clerk of Court pursuant to Federal Rule of Appellate Procedure 3, the Court construes King's current Motion to File Appeal [Doc. 96] as a Request to Appeal *in forma pauperis*.

The Court previously granted King permission to proceed *in forma pauperis* in this case. [Doc. 6]. Federal Rule of Appellate Procedure 24(a)(3) provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may

proceed on appeal in forma pauperis without further authorization," unless "a statute provides otherwise." There is a statute that provides otherwise. 28 U.S.C. § 1915(a)(2) provides that a prisoner seeking to appeal a judgment in a civil action must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal." King has not provided the required copy of his trust fund statement. This omission alone allows the Court to deny any motion to appeal *in forma pauperis.*

Further, even if King had complied with the requirements of 28 U.S.C. § 1915(a)(2), his request to proceed *in forma pauperis* still fails. If the trial court certifies in writing that the appeal is not taken in good faith, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

"'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'"). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a

factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925.

King states that the reasons for his appeal are "apparent from the face of the record." [Doc. 96, p. 1]. Specifically, King restates his deliberate indifference arguments that the Court has already considered and rejected when the Court granted summary judgment to Defendant Lawson. [Doc. 96]; [Doc. 76]. As discussed in the Court's order granting Defendant Lawson summary judgment, King's deliberate indifference claims lack merit. [Doc. 76, pp. 3–6]. Accordingly, as the Court finds that King has little or no chance of a successful appeal of the Court's Order granting summary judgment to Defendant Lawson, the Court **DENIES** Plaintiff's Motion to Appeal [Doc. 96] to the extent it is a Motion to Appeal *In Forma Pauperis*.

**SO ORDERED**, this 9th day of September, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**